UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO GARDUNO, ) | 1:08-cv-00973-LJO-BAK-GSA HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING RESPONDENT'S MOTION |
| v. ) | TO DISMISS (Doc. 22) |
| ) | |
| ) | ORDER REQUIRING OBJECTIONS TO BE |
| BOARD OF PAROLE HEARINGS, ) | FILED WITHIN TWENTY DAYS |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a 1991 judgment of conviction.[1] Petitioner filed the instant petition on June 13, 2008, in the United States District Court for the Southern District of California. The matter was transferred to this Court on July 11, 2008. (Doc. 9). In his petition, Petitioner challenges the

---

[1] Petitioner provides no information regarding the court of conviction, the crime or crimes for which he was convicted, or the length of his sentence. However, since Petitioner is challenging the denial of parole eligibility by Respondent, and since the Court agrees with Respondent that the petition should be dismissed for lack of exhaustion, the omitted details are not crucial to the Court's decision.

November 16, 2006 decision of the Board of Parole Hearings ("BPH") finding him ineligible for parole.

On December 5, 2008, Respondent filed the instant motion to dismiss, contending that Petitioner's claims have never been exhausted in state court and therefore the petition should be dismissed. (Doc. 22). On February 2, 2009, Petitioner filed his response to the motion to dismiss, contending that he had presented his claims to the California Supreme Court and therefore the claims were exhausted. (Doc. 25).

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

1  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
2  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
3  F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full
4  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
5  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
6  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

7  Additionally, the petitioner must have specifically told the state court that he was raising a
8  federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
9  (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
10 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court
11 reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added). The "fair presentation"
requirement is not met if the state's highest court does not reach the merits of a claim due to the

procedural context in which it was presented. Roettgen v. Copeland, 33 F. 3d 36, 38 (9th Cir. 1994); Harris v. Superior Court, 500 F.2d 1124 (9th Cir. 1974)(a claim denied by the state's highest court as procedurally deficient, either explicitly or by citation of authority, does not exhaust the claim).

In the petition before the Court, Petitioner raises three grounds for relief: (1) BPH's decision to deny parole eligibility was not based on "some" evidence;  (2) Petitioner was denied federal due process because BPH used unconstitutionally vague criteria and standards to find him unsuitable for parole; and  (3) BPH violated due process by premising denial of parole eligibility on the nature of the original offense.  (Doc. 1, pp. 6-8).

Respondent has lodged documents with the Court that establish that Petitioner sought to exhaust his remedies for these three claims by filing a habeas corpus petition in the Superior Court for the County of San Bernardino and subsequently in the California Supreme Court. (Doc. 22, Exhs. 1 & 2).  The petition filed in the Superior Court was denied because "[t]he record is too limited to provide adequate judicial review.  The provision of an adequate record is Petitioner's responsibility."  (Id., Exh. 1).  The petition in the California Supreme Court was denied with a citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), as the basis for the denial.  (Doc. 22, Exh. 2). Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474.

While conceding that Petitioner included the instant claims in his petition before the California Supreme Court,  Respondent nevertheless contends that state court remedies have not been exhausted because Petitioner's California Supreme Court petition was denied as procedurally defective, as evidenced by the citation to Duvall, and not on the merits, because Petitioner presented the high court with an inadequate record. (Doc. 22, p. 3).  As such, Respondent contends that Petitioner's claims remain unexhausted.   The Court agrees.

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to In re Swain, 34 Cal.2d 300 (1949).  Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient

1  particularity. In <u>Kim</u>, the Ninth Circuit found that the <u>Swain</u> citation indicated that the claims were
2  unexhausted because their pleadings defects, i.e., lack of particularity could be cured in a renewed
3  petition. <u>Kim</u>, 799 F.2d at 1319.
4        However, in <u>Kim</u>, the Ninth Circuit also stated that it was "incumbent" on the district court,
5  in determining whether the federal standard of "fair presentation" of a claim to the state courts had
6  been met, to independently examine Kim's petition to the California Supreme Court. <u>Id</u>. at 1320.
7  "The mere recitation of <u>In re Swain</u> does not preclude such review." <u>Id</u>.
8        Because <u>Swain</u> and <u>Duvall</u> stand for the same proposition, and applying the principles set
9  forth in <u>Kim v. Villalobos</u>, this Court has reviewed Petitioner's habeas petition filed in the California
10 Supreme Court to determine whether his claims were "fairly presented" under federal exhaustion
11 standards.
12       In his petition before the California Supreme Court, Petitioner did indeed raise the issues now
13 contained in the instant petition; however, Petitioner did not present a complete transcript of his
14 November 16, 2006 parole hearing, choosing instead to present the high court with only pages 64-70
15 of those proceedings. (Doc. 27, Exh. A). Petitioner's failure to include a complete copy of the
16 Board hearing transcript along with his petition would, in this Court's view, be ample justification
17 for the California Supreme Court to dismiss the petition under <u>Duvall</u> since that court could not
18 properly address the merits of the petition's allegations in the absence of such a complete transcript.
19       Moreover, it bears emphasis that the citation to <u>Duvall</u> did <u>not</u> foreclose Petitioner from re-
20 filing his petition in the California Supreme Court along with such additional information or
21 documents, e.g., the complete parole hearing transcript, so that the state high court could address
22 Petitioner's claims on the merits, thereby exhausting those claims. <u>Kim</u>, 799 F.2d at 1319.
23 Petitioner failed to follow this course. Accordingly, the Court concludes that Petitioner did not
24 exhaust his claim in the California Supreme Court, and thus the petition is unexhausted and must be
25 dismissed.

## **RECOMMENDATION**

27       For the foregoing reasons, the Court RECOMMENDS that Respondent's Motion to Dismiss
28 (Doc. 22), be GRANTED and the petition be dismissed. This Findings and Recommendation is

1 submitted to the United States District Court Judge assigned to the case pursuant to the provisions of
2 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States
3 District Court, Eastern District of California.

4     Within twenty (20) days after being served with a copy of this Findings and
5 Recommendation, any party may file written objections with the Court and serve a copy on all
6 parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and
7 Recommendation." Replies to the Objections shall be served and filed within ten (10) court days
8 (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move
9 to withdraw the unexhausted claim, the Finding and Recommendation will be submitted to the
10 District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
11 The parties are advised that failure to file objections within the specified time may waive the right to
12 appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14     IT IS SO ORDERED.
15     Dated: **August 26, 2009**     **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE